# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH CELLULAR PHONE ASSIGNED CALL NUMBER (732) 484-7567, IMSI 310260034468188

Case No. 22-mj-753

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).

located in the _____ District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2119, 924(c)(1)(A)(ii) and 2 | Carjacking; using, carrying, and brandishing a firearm during and in relation to a crime of violence; aiding and abetting |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Richard Antonini
*Applicant's signature*

Richard Antonini, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/09/2022

Lynne A. Sitarski
2022.05.09
16:08:43 -04'00'
*Judge's signature*

City and state: Philadelphia, Pennsylvania

The Honorable Lynne A. Sitarski
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH CELLULAR PHONE ASSIGNED CALL NUMBER (732) 484-7567, IMSI 310260034468188 | )<br>)<br>) Case No. 22-mj-753<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____New Jersey_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____May 23, 2022_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     May 9, 2022 at 3:58 p. m.

_____
Judge's signature

City and state:     Philadelphia, Pennsylvania        The Honorable Lynne A. Sitarski
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.:<br>  22-mj-753 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                               _____
*Executing officer's signature*

                                               _____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH CELLULAR PHONE ASSIGNED CALL NUMBER (732) 484-7567, IMSI 310260034468188 | Magistrate No. 22-mj-753 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Richard Antonini, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (732) 484-7567, with International Mobile Subscriber Identity 310260034468188 ("the Subject Phone"), that is stored at premises controlled by, and is in the custody and control of, T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey. As a provider of wireless communications services, T-Mobile is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. I am a Philadelphia Police Department ("PPD") detective employed with the City of Philadelphia since 1999. Currently, I am assigned with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since 2017. I am a graduate of the Philadelphia Police Academy and I have served in patrol, plainclothes, and narcotics enforcement assignments. In 2008, I was promoted to the rank of detective where I investigated numerous acts of violent crime and narcotics offenses. While a Philadelphia Police detective, I was assigned within a Specialized Investigative Unit ("SIU"), which primarily focused on violent crime investigations. I am currently assigned to a specialized enforcement group, the ATF Group VI Violent Crimes and HIDTA Task Force, whose primary mission is to investigate individuals and groups that are engaged in the commission of federal firearms, violent crime, and narcotics violations. Group VI investigates street gangs and groups in or around Philadelphia, Pennsylvania, including but not limited to their use of firearms during and in relation to the distribution of controlled substances or a violent crime and their involvement in the illegal trafficking of firearms.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 2119 (carjacking), 924(c)(1)(A)(ii) (using, carrying, and brandishing a firearm during and in relation to a crime of violence), and 2 (aiding and abetting) have been committed by Juan JOSE RODRIGUEZ. There is also probable cause

to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

6. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. On February 23, 2022, a grand jury indicted defendant Juan JOSE RODRIGUEZ for violations of Title 18, United States Code, Sections 2119 (carjacking), 924(c)(1)(A)(ii) (using, carrying, and brandishing a firearm during and in relation to a crime of violence), and 2 (aiding and abetting). The grand jury found that JOSE RODRIGUEZ and his co-defendant, Alex Fernandez-Pena, used a shotgun to carjack a vehicle in Philadelphia, Pennsylvania, on January 3, 2022.

8. Following the indictment, agents served a subpoena on T-Mobile. The returns from the subpoena show that Juan "Warrin Rodriguez" a/k/a JOSE RODRIGUEZ was the subscriber for the Subject Phone at the time of the carjacking, and that T-Mobile provided service for the Subject Phone. The returns also showed that RODRIGUEZ's cellular phone has IMEI/DEVICE number 990017692732643.

9. Approximately 35 minutes after the carjacking occurred, Philadelphia police officers located RODRIGUEZ less than a mile away from the scene of the carjacking near 4344 Lancaster Avenue and placed RODRIGUEZ under arrest and transported to Presbyterian Hospital. During the investigation into RODRIGUEZ, members of the ("PPD") recovered a cellular telephone with IMEI number 990017692732643 inscribed on the back of the phone,

from Presbyterian hospital located at 51 N. 39TH Street. Additionally, a picture of the back of the phone recovered by ("PPD") was shown to RODRIGUEZ by ATF investigators during a proffer session interview and he identified it as his phone. This phone was retained as evidence and placed on ("PPD") Form 75-3 (P.R #3560665).

10.   Based on my training and experience, I know that people who commit carjackings and robberies often use their cell phones during the commission of the crime.  Cell phones can be used by these individuals to communicate during the crime, for planning purposes before the crime, and to flee after the crime has occurred.  In this case, the foregoing paragraphs show that Juan JOSE RODRIGUEZ possessed his cellular phone when he was arrested, and I believe the cell site location data sought in this warrant application will provide further evidence of JOSE RODRIGUEZ's crimes by establishing confirmatory evidence that he was at the scene of the crime.  The data would also provide confirmatory evidence by showing whether JOSE RODRIGUEZ departed for the carjacking from a location that he typically frequents.

11.   Based on the training and experience of myself and other agents, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call

made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

12. Based on the training and experience of myself and other agents, I know that T-Mobile can collect cell-site data about the Subject Phone. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13. Based on the training and experience of myself and other agents, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). Currently, the Subject Phone has IMSI 310260034468188.

14. Based on the training and experience of myself and other agents, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other

communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Subject Phone's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

16.     I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, which will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

/s/ Richard Antonini
Richard Antonini
Task Force Officer, ATF

Subscribed and sworn to before me on May 9, 2022.

_____
THE HONORABLE LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (732) 484-7567, with International Mobile Subscriber Identity 310260034468188 ("the Account"), that are stored at premises controlled by, and/or in the custody or control of, T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

# ATTACHMENT B

## Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following information about the customers or subscribers of the Account from December 1, 2021, through January 4, 2022:

  i. Names (including subscriber names, user names, and screen names);

  ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii. Local and long distance telephone connection records;

  iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  v. Length of service (including start date) and types of service utilized;

  vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

    ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

1. Records of user activity for each connection made to or from the Accounts, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Accounts, to include all <u>voice, SMS, MMS, and data activity</u>; and

4. All records containing round-trip-distance measurements and/or timing advance information for each connection made to or from the Accounts (GSM, CDMA, EVDO, UMTS, LTE, etc.), to include NELOS/LocDBOR, RTT, True Call Measurement Data, PCMD records, and Reveal Reports.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Sections 2119 (carjacking), 924(c)(1)(A)(ii) (using, carrying, and brandishing a firearm during and in relation to a crime of violence), and 2 (aiding and abetting) involving Juan JOSE RODRIGEUZ during the period December 1, 2021, through January 4, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.